DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| WILLIAM J. HOFFMAN, Court-appointed permanent receiver for Defendant Nationwide Automated Systems, Inc., Relief Defendants Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, and Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY E. TURELL, individually and as Trustee of the BRAD AND LAUREL TURELL FAMILY TRUST; and LAUREL TURELL,<br><br>Defendants. | Case No. CV15-06700 SJO(FFMx)<br><br>**JOINT REPORT PURSUANT TO FRCP 26(F) AND LOCAL RULE 26-1**<br><br>**SCHEDULING CONFERENCE:**<br><br>Date:  November 23, 2015<br>Time:  8:30 a.m.<br>Ctrm:  1 - 2nd Floor<br>Judge: Hon. S. James Otero |

Pursuant to Federal Rules of Civil Procedure 26 and Local rule 26-1, Plaintiff William J. Hoffman ("Receiver"), the Court-appointed permanent receiver for Nationwide Automated Systems, Inc. ("NASI"), Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates ("Receivership Entities") and Defendants Bradley E. Turell and Laurel Turell (together, "Defendants") hereby jointly submit this Rule 26(f) Report. Together, the Receiver and Defendants are referred to herein as the "Reporting Parties."

## I. Subject Matter Jurisdiction, Venue, Service of Parties

The Reporting Parties agree that the Court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1367(a), and the doctrines of ancillary and supplemental jurisdiction, in that this action arises from a common nucleus of operative facts as, and is substantially related to the original claims in, the Securities and Exchange Commission's ("Commission") enforcement action styled as *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx) ("SEC Action"). No counterclaims have been filed.

The Reporting Parties are not aware of any issues regarding personal jurisdiction or venue at this time.

Laurel Turell was personally served on September 10, 2015, as described in the proof of service on file with this Court. (Dkt. No. 15.) Bradley Turell was served via substituted service on September 10, 2015, as described in the proof of service on file with this Court. (Dkt. No. 16.)

## II. Facts

### A. Chronology of Facts

On or about September 30, 2014, the Commission filed the SEC Action against various entities and individuals alleging violations of securities laws perpetrated through fraud. The alleged fraudulent scheme operated by the

defendants in the SEC Action is discussed in detail in the Commission's complaint and associated filings. To very briefly summarize, the Commission alleges violations of various provisions of the Securities Act of 1933 ("Securities Act") and the Securities Exchange Act of 1934 ("Exchange Act"), in connection with an alleged Ponzi scheme perpetrated by Defendants NASI, Joel Gillis ("Gillis"), and Edward Wishner ("Wishner").

Pursuant to various orders entered by this Court in the SEC Action (*see* SEC Action, Dkt. Nos. 17, 42), the Receiver was appointed first temporary receiver and then permanent receiver for the Receivership Entities and, pursuant to the terms of his appointment, the Receiver is vested with exclusive authority and control over their assets, and has full powers of an equity receiver, including the power to "institute, pursue, and prosecute all claims and causes of action." (*see* SEC Action, Dkt. No. 42.)

On April 21, 2015, this Court in the SEC Action entered an order authorizing the Receiver to pursue clawback claims against profiting investors. Pursuant to this order, the Receiver filed the instant action against Defendants as profiting investors on September 1, 2015.

**B.      Statement of Principal Factual and Legal Issues**

**1.      Principal Factual and Legal Issues by the Receiver**

As alleged in the Receiver's Complaint, Defendants are profiting investors who received net profits from the Receivership Entities in the amount of $138,483 (the "Profit Amount"). As the schedule attached as Exhibit B to the Complaint reflects, the Profit Amount is calculated by subtracting (a) transfers from NASI to Defendants ("Payments from NASI") from (b) transfers from Defendants to NASI ("Deposit Amount").

Defendants had no business dealings with NASI apart from transactions relating to the purchase and leasing of fictitious ATMs and provided no services or other value to NASI other than amounts paid for the fictitious ATMs. Over the

course of its pre-receivership operations, NASI paid the Profit Amount to Defendants with the intent to hinder, delay, or defraud NASI's creditors and other investors. Such payments were made from the proceeds of the Ponzi scheme which were generated from investors in the scheme. The Receivership Entities received nothing of value in exchange for the payments that comprise the Profit Amount. Accordingly, the Profit Amount paid to Defendants is subject to disgorgement and recovery by the Receiver under the California Uniform Fraudulent Transfer Act. See Cal. Civ. Code §§ 3439.04(a); *see also SEC v. Vassallo*, 2012 U.S. Dist. LEXIS 71301 at *9 (E.D. Cal. 2012).

### 2. **Principal Factual and Legal Issues by Defendants**

Defendants agree with much of the Receiver's rendition of the facts. Indeed, Defendant's calculation of the net profits is significantly lower.

### III. **Proposed Discovery, Motion and Trial Deadlines**

The Reporting Parties propose the following dates:

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial Date (Jury) Estimated Length: **One to Three (1-3) Days** | 9:00 a.m. | | October 4, 2016 | October 4, 2016 | |
| Final Pretrial Conference; Discuss Previously–Filed Motions in Limine; File Agreed–Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed Voir Dire Questions and Agreed–To Statement of Case; File Witness List, Exhibit List, and Trial Brief | 9:00 a.m. | 8 days before trial | September 26, 2016 | September 26, 2016 | |

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

834978.02/SD

-3-

| | | | | |
|---|---|---|---|---|
| Last Day for Hearing Motions | | 45 days before trial | **August 30, 2016** | August 30, 2016 |
| Discovery Cut-Off | | 90 days before trial | **July 6, 2016** | July 6, 2016 |

### IV. Discovery Proceedings

Although no formal discovery has been conducted yet, the Reporting Parties have informally exchanged documents. The Reporting Parties do not believe any changes to the timing of discovery under the FRCP will be necessary in this action.

The Receiver is concurrently providing Defendants with his Initial Disclosures pursuant to FRCP 26(a).

Defendant's will do discovery in due course.

In addition to the initial disclosures, the Reporting Parties anticipate that additional written discovery requests will be exchanged between them pertaining to the transferred funds at issue as necessary and appropriate. The Reporting Parties also anticipate taking the depositions of party-affiliated witnesses and third parties.

The Reporting Parties do not believe that discovery should be conducted in phases or otherwise ordered or limited.

### V. Trial

The Reporting Parties request that all causes of action be tried by this Court rather than a jury. As indicated the above-chart, the Reporting Parties do not anticipate trial requiring more than one to three (1-3) days.

### VI. Settlement

The Reporting Parties have engaged in informal discussions regarding settlement but have not been able to reach an agreement. The Receiver anticipates the parties will be in a better position to discuss settlement, and the prospects for settlement will be maximized once key discovery is completed.

The Reporting Parties have further conferred and agree that, if settlement cannot be agreed upon privately between the parties, mediation before Magistrate Judge Frederick F. Mumm would maximize the prospects for settlement. Mediation before the Magistrate rather than private mediation is particularly appropriate in this action where the goal of the Receiver is to recover funds in order to maximize the value of receivership estate for defrauded investors and creditors. Private mediation would impose significant costs on the receivership estate, reducing the net recovery for the receivership estate and therefore the investor victims of the Ponzi scheme. Accordingly, the Reporting Parties respectfully request that the Court authorize mediation by Magistrate Judge Mumm. If such authorization is granted, and because the Receiver has filed a number of related pending disgorgement actions against other profiting investors, the Receiver will separately seek permission from Magistrate Judge Mumm to schedule multiple settlement conferences on the same day so as to minimize administrative expenses for the receivership estate.

### VII. Complex Litigation

The Reporting Parties agree this is not a complex case.

### VIII. Additional Parties, Claims, Defenses and Amendments

The Reporting Parties are not currently aware of any additional parties that are necessary to resolve the pending claims. The Reporting Parties are also not aware of any required amendments to the asserted claims or defenses at this time. Should the Reporting Parties learn of any additional necessary parties, claims or defenses, the Reporting Parties will separately request leave from this Court to add additional parties, claims or defenses.

### IX. Prior and Pending Motions

The Receiver anticipates filing a motion for summary judgment after the parties are able to conduct necessary discovery.

The Defendants anticipate: none.

## X. Unusual Legal Issues

The Reporting Parties do not believe there are any unusual issues presented by this case.

## XI. Severance, Bifurcation or Other Ordering of Proof

The Reporting Parties do not propose severance, bifurcation or other ordering of proof.

## XII. Experts

The Reporting Parties do not anticipate that experts will be required in this matter.

## XIII. Related Cases

The SEC Action styled as *Securities and Exchange Commission v. National Automated Systems, Inc., et al.*, United States District Court, Central District of California, Case No. 14-CV-07249-SJO (FFMx).

## XIV. Relief Sought by the Plaintiff

The Receiver seeks to recover the Profit Amount paid to Defendants, the calculation of which is as set forth in Exhibit B attached to the Receiver's Complaint.

## XV. Certification as to Interested Parties and Persons

The Receiver filed his Certification and Notice of Interested Parties on September 1, 2015, identifying the following interested parties and persons: (1) Bradley E. Turell, individually and as Trustee of the Brad and Laurel Turell Family Trust; and (2) Investors and Creditors in entities for which the Receiver was appointed as Federal Equity Receiver in the SEC Action, including Nationwide Automated Systems, Inc., Oasis Studio Rentals, LLC, Oasis Studio Rentals #2, LLC, Oasis Studio Rentals #3, LLC, and their subsidiaries and affiliates.

Defendants filed their Certification on September 17, 2015, identifying themselves as being interested parties.

## XVI. Lead Trial Counsel and Email Addresses of Record

The Receiver's lead trial counsel is:

David R. Zaro, who confirms he is registered as an ECF User. Mr. Zaro's email address is dzaro@allenamatkins.com.

Defendants have appeared *pro se*.

Dated: November 9. 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: /s/ TIM C. HSU
TIM C. HSU
Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

Dated: November ___, 2015

By:_____
BRADLEY TURELL, Defendant

Dated: November ___, 2015

By:_____
LAUREL TURELL, Defendant

**XVI.** <u>**Lead Trial Counsel and Email Addresses of Record**</u>

The Receiver's lead trial counsel is:

David R. Zaro, who confirms he is registered as an ECF User. Mr. Zaro's email address is dzaro@allenamatkins.com.

Defendants have appeared *pro se*.

Dated: November ___, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____
TIM C. HSU
Attorneys for Plaintiff
WILLIAM J. HOFFMAN, Receiver

Dated: November 9, 2015

By: /s/ Bradley E. Turell
BRADLEY TURELL, Defendant

Dated: November 9, 2015

By: /s/
LAUREL TURELL, Defendant